**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDWIN RECTOR, Trustee, EDWIN
RECTOR, in his personal capacity;
EDWIN RECTOR 1995 CHARITABLE
REMAINDER TRUST,
<u>Plaintiffs-Appellants,</u>

v.

ALLEN D. WYKLE; STEPHEN R.
KINNIER; APPROVED FEDERAL SAVINGS

No. 00-1139

BANK; APPROVED FINANCIAL
CORPORATION,
<u>Defendants-Appellees,</u>

and

COOPERS & LYBRAND, L.L.P.; PRICE
WATERHOUSE; PETER COODE; PATRICK
M. BARBERICH; GRAY LAMBE,
<u>Defendants.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-99-499-A)

Submitted: July 20, 2000

Decided: September 14, 2000

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas H. Roberts, Tim Schulte, THOMAS H. ROBERTS & ASSO-CIATES, P.C., Richmond, Virginia, for Appellants. Glen Michael Robertson, PAYNE, GATES, FARTHING & RADD, P.C., Norfolk, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edwin Rector, individually and in his capacity as trustee for the Edwin Rector 1995 Charitable Remainder Trust ("Trust"), and the Trust appeal from the district court's order awarding four Defendants in this action attorney's fees and costs in the amount of $33,503.82. The attorney's fees constituted a sanction imposed pursuant to Federal Rule Civil Procedure 11. In setting the amount of the sanction, the district court referred not to case law interpreting Rule 11, but to case law addressing sanctions imposed pursuant to 42 U.S.C.A. § 1988(b) (West Supp. 2000). Factors governing the amount of sanctions awarded under Rule 11 are quite different from factors governing the amount of attorney's fees awarded under§ 1988. Compare In re Kunstler, 914 F.2d 505, 523-25 (4th Cir. 1990), with Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974). Because the incorrect standard was used, it is impossible to determine whether the district court abused its discretion in setting the amount of the sanction. We therefore vacate the judgment of the district court. The matter is remanded so that the district court may apply the proper standard in assessing the Rule 11 sanction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

2